UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FAHREAL ALLAH | x | Hon. Stanley R. Chesler, U.S.D.J. |
| Plaintiff, | x | |
| v. | x | Civ. A. No. 03-5038 (SRC) |
| | x | **ORDER AND OPINION** |
| DETECTIVE REGGIE DALTON & SHEILA WILSON. | x | |
| Defendants. | x | |

THIS MATTER, having been brought before the Court on the Motion for Summary Judgment of Defendants Det. Reggie Dalton ("Dalton") and Sheila Wilson ("Wilson"); and

IT APPEARING that Plaintiff Fahreal Allah ("Allah") alleges that on February 21, 2003, he was arrested by Dalton without probable cause, without a warrant, without any outstanding charges from other jurisdictions; that Dalton misled the presiding judge on the charges and misled the prosecution; and that Wilson forged signatures on CDR-2 forms, see Amended Complaint at pp. 5-7; and

IT FURTHER APPEARING that Allah was informed, in a letters dated April 28, 2005 and April 29, 2005, addressed to the Court, and copying Allah [Dkt. Nos. 36 and 38] that this Motion would be adjourned to June 6, 2005, and that Allah would therefore be granted additional time to file Opposition; and

IT FURTHER APPEARING that Dalton and Wilson's account of probable cause to arrest Allah and their statement of other material facts is unopposed and uncontested by Allah; and

IT FURTHER APPEARING that the U.S. Supreme Court has made it clear in Baker v.

McCollan, 443 U.S. 137, 143-44 that an arrest based upon probable cause cannot become the source of a claim for false imprisonment; and

      IT FURTHER APPEARING that based upon advice from Joseph G. Carley, Asst. Treasurer of Corporate Security of the Bank of New York, that the Bank was the victim of a theft of approximately $1,835,178.00 due to an unlawful wire transfer to four individuals in Lakwood New Jersey, and an investigation which led Dalton to determine that the account of Fareal Allah, among others, had recieved such an illegal wire transfer; and

      IT FURTHER APPEARING that based upon that information and the information in his narrative report, see Lakewood Township Police Dept. report from Dalton attached to Cert. of Counsel as Exhibit "B," Dalton applied for an arrest warrant; and

      IT FURTHER APPEARING that in that warrant, Dalton certified "The basis of my probable cause is as follows: On 02/14/03, $1,052,700.40 was unlawfully deposited, via wire transfer, into two First Union accounts established in person by Fahreal Allah," and at that time, Dalton drafted a proposed arrest warrant, No. W-2003-000286-1514 charging Allah with two counts of theft in violation of N.J.S.A. 2C:20-3A, see Defendants' Exhibit "D"; and

      IT FURTHER APPEARING that the Honorable Edward J. Turnbach authorized the issuance of that warrant on February 20, 2003 and set bail in the amount of $1,000,000.00; and

      IT FURTHER APPEARING that on February 21, 2003, Dalton traveled to Sovereign Bank and placed Fahreal Allah under arrest; and

      IT FURTHER APPEARING that Dalton did not have the warrant in his possession at the time; and

      IT FURTHER APPEARING that Dalton took Mr. Allah to the Lakewood Township

Police Department and served the warrant upon him at that time; and

IT FURTHER APPEARING that, in addition, the warrant was signed on that date by Sheila Wilson, Deputy Court Administration for the Lakewood Township Municipal Court; and

IT FURTHER APPEARING that while the existence of probable cause is often a question for the jury, where, as in this case Defendants asserted probable cause is unopposed and, in any event, no reasonable jury could find that the police lacked probable cause, summary judgment is appropriate, see Groman v. Township of Manalapan, 47 F.3d 628, 634-35 (3d Cir. 1995);[1] and

IT FURTHER APPEARING that after his arrest, Allah was indicted by an Ocean County Grand Jury for Indictment No. 03-05-588, including, among other counts, Count Four, Financial Facilitation of Criminal Activity-First Degree, N.J.S.A. 2C:21-25b(2)(a) and N.J.S.A. 2C:2-6; and

IT FURTHER APPEARING that on March 22, 2004, Allah, represented by competent private counsel, James N. Butler, Jr., Esq., executed a plea form and voluntarily pleaded guilty to Count Four of the above indictment; and

IT FURTHER APPEARING that, in exchange for the plea, the prosecutor agreed to recommend a term of 16 years with an eight-year period of parole ineligibility; and

---

[1] "The proper inquiry in a [S]ection 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Groman, 47 F.3d at 634; Edwards v. City of Philadelphia, 860 F.2d 568, 571 (3d Cir. 1989).  Probable cause to arrest exists where "the facts and circumstances within [an officers's] knowledge and of which [that officer] had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." Edwards, 860 F.2d at 571 (citing Brinegar v. United States, 338 U.S. 160, 175-76 (1949)).

IT FURTHER APPEARING that at that time, the court entered a judgment of conviction and Allah was sentenced to the custody of the Commissioner of the New Jersey Department of Corrections for a term of 14 years, with five years of parole ineligibility, and the balance of the charges were dismissed; and

IT FURTHER APPEARING that, under these circumstances, the U.S. Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) further bars Allah's action;[2]

IT IS on this 23rd day of June, 2005, for the reasons set forth above, ORDERED that Defendants' Motion [Dkt. #35] is hereby GRANTED and Plaintiff's Amended Complaint is hereby dismissed with prejudice.

Stanley R. Chesler, U.S.D.J. /s/

---

[2] <u>Heck</u> held that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [Section] 1983. [Emphasis in original].

<u>Id.</u> at 487. Here, judgment in favor of Allah would necessarily imply the invalidity of his conviction or sentence and, therefore, "the complaint must be dismissed [because] the plaintiff can [not] demonstrate that the conviction or sentence has already been invalidated." <u>Id.</u>